STATE, Respondent, v. SLATTERY, Appellant.

(207 N. W. 484.)

(File No. 5817.   Opinon filed February 16, 1926).

1.   Adulteration—Food and Drug Commissioner—Criminal Law— Merely Taking Orders for Medicinal Stock Food, Certified Copy of Label of Which Has Not Been Filed, Held Not Offense (Rev. Code 1919, Secs. 7897-7899, 7903).

Mere taking of orders, subject to refusal by company, for medicinal stock foods, of which certified copy of the label had not been filed with the ssate food and drug commissioner, held not a violation of Rev. Code 1919, Secs. 7897-7899, 7903.

2.   Constitutional Law—Appeal and Error—Constitutionality of Crimnal Statute Will Not be Considered, Where no Offense Under it is shown.

Where acts with which accused was charged as violative of a statute are held not to constitute an offense thereunder, whether the statutes violate the Constitution held not proper for consideration by reviewing court.

Appeal from Circuit Court, Bon Homme County; Hon. R. B. TRIPP, Judge.

J. P. Slattery was convicted for unlawfully selling medicinal stock food without filing certified copy of label ,and he appeals. Reversed.

*Scoblic & Strand,* of Tyndall, *Boyce, Warren & Fairbank,* of Sioux Falls, and *Wilson & Schmiedeskamp,* of Quincy, Ill., for Appellant.

*Buell F. Jones,* of Britton, and *C. C. Puckett,* of Tyndall, for the State.

(1) To point one of the opinion, Appellant cited: State v. Rankin, 11 S. D. 144, 76 N. W. 299; Sioux Remedy Co. v. Cope, 235 U. S. 197, 59 L. ed. 193, 196.

CAMPBELL, J.  A complaint was filed against the defendant charging that he "did unlawfully sell, offer, or expose for sale or distribution" a certain medicinal stock food in Bon Homme county, S. D., without first having filed with the state food and drug commissioner of this state a certified copy of the label affixed to each package of such stock food, and without having complied with provisions of sections 7897-7899, Rev. Code 1919. The defendant entered a plea of not guilty, and was convicted in justice court, whereupon he appealed to the circuit court of Bon Homme county, waived a jury, and findings, conclusions, and judgment were against the defendant, from which judgment and the order denying his motion for a new trial defendant appeals to this court. The facts are substantially as follows: Appellant was a traveling agent of Moorman Manufacturing Company, located at Quincy, Ill. Neither appellant nor the company had complied with the requirements of law above referred to. The company manufactured a mineral stock food at its factory at Quincy, and had a supply thereof at its branch in Council Bluffs, Iowa. Defendant in Bon Homme county, S. D., solicited one Kreger to purchase stock food, and took a written order from Kreger for a quantity of such food, to be shipped to him at Tyndall, S. D. Ap-

pellant collected no money at the time of taking the order, and his sole authority was to solicit orders and send the same to his company at Quincy, Ill., for approval or disapproval. He so forwarded this order. The company did thereafter approve this particular order, and filled the same from its stock at Council Bluffs, Iowa, by delivering the food in the original packages to the railway company at Council Bluffs to be transported by freight to Kreger at Tyndall, and Kreger accepted the same, paid the freight, and took the food from the railway company at Tyndall in the original packages. Moorman Manufacturing Company has never had any place of business or manufacturing plant in South Dakota. It is to be noted that the transactions in question occurred in 1922.

Appellant presents two contentions on this appeal: First, that his acts in the premises are not within the purview of section 7903, Rev. Code 1919. Second, that, if said statute should be construed to be applicable to the acts of the appellant, then the same would be an unauthorized restraint upon interstate commerce in contravention of section 8 of article 1 of the Constitution of the United States.

If, upon the facts in this case, the acts of the appellant do not come within the prohibition of the statute, then manifestly the constitutional question is not reached and should not be determined in this proceeding.

[1] We do not think the conduct of defendant amounted to a violation of the statute in question. Upon the facts as proved and stipulated in this case appellant had no authority to "sell," or to "offer for sale," and there is no claim that he "exposed for sale or distribution." The appellant took an order in South Dakota from the proposing purchaser, which order might or might not ripen into a sale, depending upon whether or not the Moorman Manufacturing Company received the same and approved and accepted it at a time when it was in full force and not withdrawn. When appellant left Kreger with the signed order, no bilateral transaction had been completed, and there was nothing binding upon either Kreger or the Moorman Manufacturing Company. The so-called "order" amounted to nothing more or less than an offer to purchase. The Moorman Company might, with perfect propriety, refuse to accept it. It might be revoked or withdrawn

by Kreger at any time prior to an acceptance by the Moorman Manufacturing Company at Quincy, Ill. The sale, which in the instant case subsequently took place after the acceptance of the Kreger offer, was not a sale in South Dakota. The most that can be said is that appellant in South Dakota solicited Kreger to make an offer to become a purchaser, which offer, if it ever became in fact a part of any sale, would become part of a sale consummated outside the State of South Dakota, Section 7903, Rev. Code 1919, is a penal statute, and we are of the opinion that the prohibitions of the act do not, by any fair construction, cover the conduct of appellant as disclosed upon this record.

[2] While not binding upon this court, it is interesting to observe that one session of the Legislature, at least, seems to have shared the view here expressed as to the interpretation of section 7903 as witnessed by the fact that it was sought to amend the same by chapter 288, Laws of 1925, by adding to the prohibition thereof as follows:

"Or to accept or solicit orders for the same for future delivery such delivery to be made either in or out of the state."

In view of the provisions of section 10, article 5, chapter 3, and sections 11 and 12, chapter 4, all of chapter 115, Laws 1925, we desire to state that this reference to chapter 288, Laws 1925, is not to be understood as indicating any opinion as to whether chapter 288, Laws 1925, is or is not in effect at the present time.

From the views above expressed it follows that it is neither necessary nor proper for the court, at this time, to pass upon the constitutional question raised by appellant, and the judgment and order appealed from are reversed.

Note.—Reported in 207 N. W. 484. See, Headnote (1), American Key-Numbered Digest, Adulteration, Key-No. 4, 2 C. J. Sec. 11; (2) Constitutional law, Key-No. 46(1), 12 C. J. Sec. 212.